IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| RAIZO ROJAS, | * | |
| Plaintiff, | * | |
| v. | * | CV 623-045 |
| KATHY HENDRIX, as Evans County Georgia Superior Clerk of Court, in her individual capacity, | * | |
| Defendant. | * | |

O R D E R

Presently before the Court is Plaintiff's objection to the Magistrate Judge's Order staying discovery pending the Court's ruling on Defendant's motion to dismiss (Doc. 11). (Doc. 12.) Plaintiff seeks the District Judge's review and consideration in allowing the Parties to commence discovery without any delay. (Id. at 6.) Plaintiff argues that Defendant's motion to dismiss is inadequate as it contains no argument about the Complaint lacking any essential components and only argues regarding qualified immunity. (Id. at 2-4.)

A district judge must consider a party's objections to a magistrate judge's order on a pretrial matter. See 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a). However, the district judge may modify or set aside that order, and reconsider the pretrial matter, only "where it has been shown that the magistrate judge's

order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a). "Clear error is a highly deferential standard of review. As the Supreme Court has explained, a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (internal quotations and citations omitted). "A decision by the magistrate judge is contrary to law where it either fails to follow or misapplies the applicable law." Jackson v. Deen, No. CV 412-139, 2013 WL 3863889, at *3 (S.D. Ga. July 25, 2013) (citation omitted).

Plaintiff wants the District Court to set aside the Magistrate Judge's Order staying discovery because he does not believe Defendant's motion to dismiss contains adequate arguments about the sufficiency of the Complaint. (Doc. 12, at 4.) Without exploring the merits of the motion to dismiss currently pending before the Court, the Court acknowledges Defendant moves to dismiss the Complaint based on qualified immunity and absolute quasi-judicial immunity. (See Doc. 6.) Plaintiff takes issue with Defendant's assertion of qualified immunity; however, qualified immunity is properly raised at the motion to dismiss phase, so a cursory review of the motion presents no issues to the Court. See Wilson v. Dunn, 618 F. Supp. 3d 1253, 1268 (N.D. Ala. 2022) ("Parties may advance the affirmative defense of qualified

2

immunity at the motion to dismiss stage[, and a] finding in favor of qualified immunity bars the plaintiff's claims."). Because a finding of qualified immunity would bar Plaintiff's claims in this case, the Magistrate Judge was not clearly erroneous and made no decision contrary to law by postponing discovery until the motion to dismiss has been ruled on.

Based on the foregoing, the Court finds it in the interest of justice for discovery to be stayed pending the Court's ruling on the currently pending motion to dismiss. **IT IS THEREFORE ORDERED** that Plaintiff's Objection to the Magistrate Judge's Order (Doc. 12) is **OVERRULED** and the Magistrate Judge's September 8, 2023 Order (Doc. 11) is **AFFIRMED**.

**ORDER ENTERED** at Augusta, Georgia, this ___10th___ day of October, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA